National Bank v. Ayres.

"2. There is a defect of parties plaintiff and a defect of parties defendant.

"3. There are several causes of action improperly joined.

"4. The petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant."

This demurrer the court overruled, to which ruling the defendant excepted; and the defendant not desiring to plead further, the court thereupon ordered and adjudged that the temporary injunction herein be made perpetual, and that the plaintiff have and recover of and from the defendant its costs herein made, to the rendition of which judgment the defendant, *Dutton*, then duly excepted. He has brought the case to this court.

*L. J. Crans*, and *W. H. Savary*, for plaintiff in error.

*Theodore Laing*, for defendant in error.

*Per Curiam:* The questions involved in this case are exactly the same as the main questions discussed in the preceding case of *Dutton v. National Bank*, ante, p. 440, and the judgment herein is reversed, on the authority of that case.

---

THE FIRST NATIONAL BANK OF GARNETT V. R. S. AYRES, *as Sheriff of Anderson County, et al.*

CASE, *Followed.* The case of *Dutton v. National Bank*, ante, p. 440, followed.

*Error from Anderson District Court.*

ACTION by the *First National Bank of Garnett* against *R. S. Ayres*, as sheriff of Anderson county, and others, to restrain the collection of certain taxes. Trial by the court without a jury, upon an agreed statement of facts, and judg-

ment for the defendants, on December 23, 1891.   The plaintiff bank brings the case to this court.

*J. W. Rose*, for plaintiff in error.

*C. T. Richardson*, and *Manford Schoonover*, for defendants in error.

*Per Curiam:* The substantial questions involved in this case are the same as those in *Dutton v. National Bank*, ante, p. 440, and the judgment herein is affirmed for the reasons stated in the opinion in that case.

---

THE STATE OF KANSAS, *on the relation of Alfred J. Harwi*, v. W. D. WEBB, *as Judge of the Atchison District Court.*

NEW TRIAL, *Refusal of—Entry of Judgment—Mandamus*.   With a view to substantial justice between the parties, a trial court, even after a motion for a new trial is overruled, may reserve for future consideration the question whether judgment should be entered upon the verdict of the jury.  (Civil Code, § 409.)

### Original  Proceeding  in  Mandamus.

THIS is an application for a peremptory writ of *mandamus* against the district court of Atchison county, to compel the entry of judgment of $21,593.50 upon a general verdict returned on the 29th of April, 1893, in favor of A. J. Harwi and against the Atchison Savings Bank, after the motion for a new trial had been overruled.   The application is based upon the record in the action, and was made by the plaintiff on January 22, 1894.   Each of the defendants has filed returns or answers why a peremptory writ should not issue.   The plaintiff has demurred thereto, and has also filed his motions to strike out the returns or answers as irrelevant and redundant, and not constituting any return or answer to plaintiff's